**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 01-1136-PHX-SMM |
| ) | CV 07-763-PHX-SMM (GEE) |
| Plaintiff/Respondent, ) | |
| ) | **MEMORANDUM OF DECISION AND** |
| v. ) | **ORDER** |
| ) | |
| Christian Eduardo Gaybor, ) | |
| ) | |
| Defendant/Movant ) | |
| ) | |
| ) | |

Pending before the Court is Defendant/Movant Christian Eduardo Gaybor's ("Mr. Gaybor") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). (Dkt. 266.) The matter was referred to the magistrate judge for a Report and Recommendation. On January 8, 2008, the magistrate judge filed a Report and Recommendation with this Court recommending that the Motion be denied on its merits. (Dkt. 279.) On February 19, 2008, Mr. Gaybor filed his Objection (Dkt. 283) to the Report and Recommendation. The government filed a Response (Dkt. 284), to which Mr. Gaybor replied (Dkt. 285). After considering the Report and Recommendation and the arguments raised in Gaybor's Objections thereto, the Court now issues the following ruling.

### STANDARD OF REVIEW

When reviewing a magistrate judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations

1 made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d
2 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454
3 (9th Cir. 1983)).

## **DISCUSSION**[1]

5  The Motion asserts that the sentence should be vacated, set aside, or corrected on
6 account of ineffective assistance of counsel. (Dkt. 267, Mem. in Supp. of Mot. ("Mem.") 5.)
7 Mr. Gaybor claims counsel was ineffective for (1) failing to properly represent him on the
8 firearm charge where (a) the government failed to prove that a firearm was used, (b) the jury
9 instruction constructively amended the indictment, and (c) counsel committed cumulative
10 errors; (2) failing to challenge the government's characterization of the deal it offered to Mr.
11 Gaybor's co-conspirator; and (3) failing to advise Mr. Gaybor that he could plead guilty
12 without accepting the government's plea agreement.

### **A. The Firearm Charge**

14 Mr. Gaybor contends that his counsel failed to properly represent him on the firearm
15 charge because (a) the government failed to prove that a firearm was used, (b) the jury
16 instruction constructively amended the indictment, and (c) counsel committed cumulative
17 errors. (Dkt. 267, Mem. 2-4.) The magistrate judge found that sufficient evidence was
18 presented to prove the mens rea for aiding and abetting the brandishing of firearms. (Dkt.
19 279, Rep. & Rec. 5.) Upon independent review of the record, the Court agrees.

20 Evidence was presented at trial that Mr. Gaybor participated in planning the robbery.
21 (Dkt. 210, Rep.'s Tr. 322-23, 333.) Evidence was also presented that Mr. Gaybor approved
22 the use of firearms during the robbery, in order to make the robbery believable. (Dkt. 211,
23 Rep.'s Tr. 477-78.) Evidence was also presented that firearms were used in the course of the
24 robbery. (Dkt. 210, Rep.'s Tr. 356.) The Court agrees that the evidence was sufficient to

---

[1]The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Dkt. 279).

1 prove the mens rea for aiding and abetting the brandishing of firearms, and that the
2 performance of Mr. Gaybor's counsel was not deficient in failing to raise the issue of mens
3 rea. Mr. Gaybor's objection to the Report and Recommendation, on the grounds that the
4 magistrate judge "made up facts" regarding his knowledge that firearms would be used, is
5 without merit. (Dkt. 283, Objection to Rep. & Rec. 1-2.)

6 Mr. Gaybor next contends that counsel's performance was deficient because the jury
7 instruction erroneously used the phrase "use, *carry*, and brandish firearms" to describe the
8 charge in the superceding indictment. (Dkt. 267, Mem. 4-5.) Mr. Gaybor asserts that
9 including the term "carry" lowered the government's burden of proof. (Id. at 5-6.) The
10 Court finds that the magistrate judge adequately addressed Mr. Gaybor's argument as to the
11 burden of proof. (See Dkt. 279, Rep. & Rec. 6.) The jury instruction was not defective, and
12 counsel's performance was not deficient. (Compare Dkt. 215, Rep.'s Tr. 1123-24 with 9th
13 Cir. Model Jury Instr. § 8.65 (2007).)

14 Mr. Gaybor finally contends that the sentence on the firearm charge should be vacated
15 due to cumulative errors of counsel. (Dkt. 267, Mem. 7.) The magistrate judge found that
16 the doctrine of cumulative error does not warrant relief. (Dkt. 279, Rep. & Rec. 7.) Mr.
17 Gaybor does not object to this finding, which the Court will adopt.

18 **B. Favorable Treatment of Government Witness**

19 Mr. Gaybor contends that the prosecution improperly denied, in its closing argument,
20 that it had offered Mr. Michael Moussa ("Moussa") a sentence reduction in exchange for his
21 cooperation. The magistrate judge found that the prosecutor's rebuttal closing argument did
22 not imply that the existence of an agreement between the government and Moussa. Mr.
23 Gaybor objects to this finding because the prosecutor stated that "there's a *possibility* that
24 Mr. Moussa will receive benefits." (See Dkt. 215, Rep.'s Tr. 1107.) Mr. Gaybor contends
25 that this statement of uncertainty was "tantamount to denying . . . the existing promises" of
26 a reduced sentence. (Dkt. 283, Objection to Rep. & Rec. 3.)

27
28
- 3 -

1    The jury was informed of the agreement between Moussa and the government, both on direct examination (Dkt. 210, Rep.'s Tr. 308-10) and cross-examination (id. at 407-09). The Court instructed the jury to consider Moussa's favorable treatment in evaluating Moussa's testimony. (Dkt. 215, Rep.'s Tr. 1120.) The use of the term "possibility" accurately represented the fact that Moussa had yet to receive a sentence reduction at the time of the prosecutor's rebuttal closing argument. Therefore counsel's performance was not deficient in failing to argue that the government denied an offer of favorable treatment.

### C. Counsel's Advice Regarding Pleading Guilty

Mr. Gaybor's final contention is that his counsel failed to advise Mr. Gaybor that he could plead guilty without being required to cooperate with the government. The magistrate judge found that the pretrial record does not support Mr. Gaybor's claim. (Dkt. 279, Rep. & Rec. 8.) Mr. Gaybor objects to this finding and states that, to the best of his recollection, counsel "always told [Mr. Gaybor] that he had no option but to cooperate [with the government]." (Dkt. 267, Objection to Rep. & Rec. 4.) The Court finds that the magistrate judge adequately addressed Mr. Gaybor's argument, and that counsel's performance was not deficient. (See Dkt. 279, Rep. & Rec. 8-9.)

### CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the magistrate judge (Dkt. 279).

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 266) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

DATED this 8th day of May, 2008.

Stephen M. McNamee
United States District Judge

- 4 -